IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA A. McCOY, et al., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>OVER EASY MANAGEMENT, INC., *et al.*,<br><br>*Defendants.* | Case No. 14-CV-01309-EFM |

MEMORANDUM AND ORDER

Plaintiffs Patricia A. McCoy, Retta A. Feldkamp, and Christina L. Reeves, on behalf of themselves and all others similarly situated, filed this wage and hour suit against Defendants Over Easy Management, Inc., Over Easy LP, Over Easy Number IX, LP, Over Easy Number X, LP, and Gregg A. Hansen alleging violations of the Fair Labor Standards Act and Kansas Wage Payment Act. This matter is before the Court on Plaintiffs' Motion for Conditional Certification of Class Claims under § 216(b) of the FLSA (Doc. 24). Because the Court finds that Plaintiffs have met the lenient standard for conditional certification, the Court grants Plaintiffs' motion.

**I.   Factual and Procedural Background**

Plaintiffs brought this class action suit on September 19, 2014, alleging that the pay policies and practices of their former or current employer, Defendants Over Easy Management, Inc. ("OEM"), Over Easy LP ("OELP"), Over Easy Number IX, LP ("OELP#9"), Over Easy

Number X, LP ("OELP#10"), and Hansen violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Kansas Wage Payment Act ("KWPA").  Defendants are franchisees of Huddle House, a 24/7 diner-type restaurant that operates in twenty-one states. Defendant Hansen is an officer and director of Defendant OEM.  Defendant Hansen is directly involved in the operation of the Huddle House Restaurants in Kansas.  Defendant OEM is the general partner of OELP#9 and OELP#10.  OELP#9 is a Huddle House Restaurant located within a "Pilot Flying J" truck stop in Emporia, Kansas.  OELP#10 is a Huddle House Restaurant located within a "Pilot Flying J" truck stop in Salina, Kansas.  OELP#9 and OELP#10 are both supervised by Karen Kersey as Regional Manager.

Plaintiffs have filed sworn declarations in support of their motion.  These declarations state that Plaintiff McCoy has been employed at the Salina Huddle House restaurant since January 20, 2014.  She initially worked as a server, was promoted to lead server, and now works as a cook.  The declarations also state that Plaintiffs Feldkamp and Reeves are former employees of the Salina Huddle House restaurant, where they worked as servers.  Finally, the declarations provide that opt-in Plaintiff Tracey Francis has worked at the Salina Huddle House restaurant since September 4, 2012, as a server.

Plaintiffs allege the following facts:  (1) Defendants deducted time for breaks of less than thirty minutes from the time that servers and cooks at the restaurants worked; (2) Defendants did not make the necessary disclosures to servers about how tips were to be recorded and paid to them; (3) Defendants' payroll system improperly computed the tips earned by servers, causing them to retain Plaintiffs' earned tips; (4) servers were required to wash dishes in addition to those duties normally performed by wait staff; and (5) Defendants failed to pay McCoy over-time for time worked in excess of forty hours per week.

Plaintiffs ask the Court for an Order conditionally certifying a class of all persons described as: "Cooks and servers employed at Huddle House restaurants in Salina and Emporia, Kansas, operated by Over Easy Management, Inc., Over Easy LP, Over Easy Number IX, LP, Over Easy Number X, LP, and Gregg Hansen, from September 19, 2013 to the Present."[1]  In addition, Plaintiffs ask the Court to (1) order Defendants to provide the names, last known addresses, and telephone numbers of putative class members in an easily malleable format; (2) designate McCoy, Feldkamp, and Reeves as class representatives and their counsel as class counsel; and (3) approve Plaintiffs' notice of claim and right to opt-in form and consent to join forms.

## II.     Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2]  Unlike class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[3]  But the FLSA does not define what it means to be "similarly situated."  Instead, the Tenth Circuit has approved an ad-hoc, two-step approach to § 216(b) certification claims.[4]  The

---

[1] Motion for Conditional Certification, Doc. 24, p. 2.

[2] 29 U.S.C. § 216(b).

[3] *See id.* (stating that employees must give written consent to become party plaintiffs).

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in § 216(b) of the FLSA. *Id.* at 1102. For that reason, *Thiessen* controls the analysis in this case. *See Peterson v. Mortgage Sources Corp.*, 2011 WL 3793963, at *4, n.12 (D. Kan. Aug. 24, 2011).

ad hoc approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[5]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[6] The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[7]  The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs.[8]

The second step of the ad hoc approach occurs after discovery.[9]  At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated:  (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions.[10]

---

[5] *Thiessen*, 267 F.3d at 1102-03.

[6] *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[7] *Thiessen*, 267 F.3d at 1102 (citations omitted) (internal quotation marks omitted).

[8] *See, e.g., id.* at 1103; *Pack v. Investools, Inc.*, 2011 WL 3651135, *3 (D. Utah Aug. 18, 2011); *Smith v. Pizza Hut, Inc.*, 2011 WL 2791331, at *5 (D. Colo. July 14, 2011); *Sloan v. Renzenberger*, 2011 WL 1457368, at *3 (D. Kan. Apr. 15, 2011).

[9] *Thiessen*, 276 F.3d at 1102-03.  The second stage in the certification analysis is most often prompted by a motion for decertification.  *Id.*

[10] *Id.* at 1103 (citations omitted).  The court in *Thiessen* discussed a fourth factor irrelevant to claims brought under the FLSA.  *See Peterson*, 2011 WL 3793963, at *4, n. 13.

### III.     Analysis

**A.     Conditional Certification under FLSA § 216(b)**

The parties agree that this case is in the notice stage for collective action certification under § 216(b) as little discovery has occurred. Plaintiffs argue that potential class members are similarly situated because the servers employed by Defendants and the cooks employed by Defendants performed the same duties. Plaintiffs further argue that Defendants treated all servers and all cooks the same by failing to make, keep, and preserve accurate records of Plaintiffs' wages, hours, and conditions of work, by failing to pay them for all the time that they worked, and by improperly retaining tip money from the servers' pay.

Defendants assert two arguments in response. First, Defendants argue that Plaintiff McCoy is not similarly situated to the putative class members she purports to represent. Defendants assert that none of the other declarants have held positions as lead servers or cooks and that Plaintiff McCoy is the only plaintiff to allege that she was denied overtime compensation. The Court has recognized that "[a] fundamental requirement of maintaining a class action is that the representatives must be members of the classes or subclasses they seek to represent."[11] Defendants' argument, however, is unpersuasive. Plaintiffs seek to conditionally certify a class of persons who worked as "servers or cooks" at the Kansas Huddle House restaurants. Plaintiff McCoy was employed first as a server, then as lead server, and then as a cook at the Salina Huddle House restaurant. The fact that Plaintiff McCoy has been employed in various positions in the restaurant does not disqualify her from being a class representative for putative plaintiffs who were also employed as servers and cooks in the restaurants.

---

[11] *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 665 (D. Kan. 2005) (citing *Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 580 (D. Neb. 2002)).

Next, Defendants argue that if a class is conditionally certified, that class should be limited to servers at the Salina Huddle House restaurant. Before looking at whether the proposed class should be limited to the Salina restaurant, the Court will examine whether the class should be limited to servers instead of both servers and cooks. Defendants argue that the class should be limited to servers because according to Plaintiff McCoy's declaration, when she became a cook she was paid $7.25 per hour—the required minimum wage for non-tipped employees. Defendants argue that none of the other declarants worked as cooks and that Plaintiff McCoy is the only declarant to allege that she was not paid overtime wages as a cook. According to Defendants, this is not sufficient evidence upon which the Court could certify a class consisting of both cooks and servers.

The Court disagrees. Defendants ignore the statements in Plaintiff McCoy's declaration stating that all cooks had the same duties, that management deducted time for breaks of less thirty minutes, that management failed to pay cooks for all time worked, and that the management's pay practices applied to all cooks. These statements qualify as substantial allegations that the cooks were "together the victims of a single decision, policy, or plan"[12] and are sufficient to grant conditional certification at this stage for a class that includes cooks.

Defendants also argue that the Court should limit the proposed class to those employed at the Salina Huddle House restaurant. According to Defendants, such limitation is appropriate because Plaintiffs provide no evidence, and have no personal knowledge, regarding the duties or compensation of the servers and cooks at the Emporia restaurant. Plaintiffs' complaint, however, alleges that the servers and cooks at the Emporia restaurant were subject to the same pay policies

---

[12] *Thiessen*, 267 F.3d at 1102.

and practices as the servers and cooks at the Salina restaurant. In addition, the complaint alleges, and Defendants admit, that Defendant Hansen is directly involved in the operation of both the Salina and Emporia restaurants. Because Defendant Hansen was directly involved in the operation of both restaurants, the Court reasonably infers that the pay practices at the Emporia restaurant were the same as, or at least very similar to, those at the Salina restaurant. Plaintiffs' allegations are sufficient to satisfy the lenient threshold for conditional certification. If, however, after additional discovery, Defendants learn that the pay practices at the Emporia restaurant are not similar to those alleged at the Salina restaurant, Defendants may file a motion to decertify the class.

The Tenth Circuit does not require any quantum of evidence to be produced at the notice stage. This district has often stated: "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan."[13] Here, Plaintiffs' complaint and declarations allege (1) that all cooks at the Salina Huddle House restaurant performed the same duties and that all servers at the Salina restaurant performed the same duties; (2) that Defendant Hansen was directly involved in the operation of both the Salina and Emporia Huddle House restaurants; (3) that Defendants did not pay servers for all the tips they earned; (4) that management improperly deducted time for breaks of less than thirty minutes for both servers and cooks; and (5) that Defendants failed to pay cooks for overtime compensation. The Court finds these allegations to be substantial and therefore

---

[13] *Renfro v. Spartan Computer Servs.*, 243 F.R.D. 431, 433-34 (D. Kan. 2007).

concludes that conditional certification is appropriate for sending notice to putative class members.

## B.     Proposed Notice of Claims and Consent to Join Forms

Plaintiffs submitted a proposed Notice of Claim and Right to Opt-In form (the "Notice") and four Consent to Join forms for the Court's review. The Court will first examine Plaintiffs' proposed Notice.

District courts have the discretion to monitor the preparation and distribution of collective action notices.[14] When exercising this discretion, courts must ensure fair and accurate notice and should refrain from altering the proposed notice absent strict necessity.[15] Here, Defendants made five specific objections to Plaintiffs' proposed Notice of Claim and Right to Opt-In. Plaintiffs agree with two of Defendants' suggested changes and provide the Court with a revised Notice in its reply. The Court approves these modifications and addresses the remaining objections below.[16]

**Defendants' Objection No. 1, Disclaimer**: The Court overrules Defendants' objection regarding the placement of the disclaimer, *i.e.* that the Court has not expressed an opinion regarding the merit of the lawsuit, in the Notice. Defendants argue that the disclaimer should be placed on the first page of the Notice, but they cite no specific authority or evidence supporting

---

[14] *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *see also Lewis v. ASAP Land Exp., Inc.*, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).

[15] *Sloan v. Renzenberger, Inc.*, 2011 WL 1457368, at *4 (D. Kan. Apr. 15, 2011) (citations omitted).

[16] The Court finds that the revised Notice properly includes: (1) a heading similar to that shown in the form notice suggested by the Federal Judicial Center; (2) a statement informing potential plaintiffs that they may be required to pay Defendants' costs if they are unsuccessful; and (3) a statement informing potential plaintiffs that they may be required to travel. *See* Revised Notice, Doc. 33-1.

such placement.[17] In addition, the disclaimer in the Federal Judiciary Center's form notice does not appear at the beginning of the notice.[18] Plaintiffs therefore are not required to change the placement of the disclaimer in the proposed Notice.

**Defendants' Objection No. 2, Formatting**: The Court overrules Defendants' objection that Plaintiffs' use of all capital letters and boldface type to highlight the headings is improper. The Court should not "alter a plaintiff's proposed notice unless such alteration is necessary."[19] Plaintiffs' proposed format is useful and not prejudicial. In addition, the Federal Judicial Center's form notice also contains headings with all capital letters and boldface type.[20]

**Defendants Objection No. 3, Identification of Defense Counsel**: Defendants' objection is overruled. Plaintiffs are not required to include information about Defendants' counsel in the Notice. This Court agrees with the reasoning set forth in *Wass v. NPC Internationl, Inc.*,[21] regarding the exclusion of such information: " 'Defense counsel does not play a role in managing the distribution of the notice or the gathering of consent forms. Including additional lawyers only creates the potential for confusion of those who receive the notice.' "[22]

---

[17] *See Creten-Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *2 (D. Kan., Jul. 15, 2009) (denying the defendant's request to place the disclaimer at the beginning of the notice).

[18] Federal Judicial Center, http://www.fjc.gov (last visited April 9, 2015).

[19] *Lewis*, 2008 WL 215049, at *2.

[20] Federal Judicial Center, http://www.fjc.gov (last visited April 9, 2015).

[21] 2011 WL 1118774 (D. Kan. Mar. 28, 2011).

[22] *Id*. (quoting *Cryer v. Intersolutions, Inc.*, 2007 WL 1053214, at *3 (D.D.C. Apr. 7, 2007).

Turning to the four Consent to Join forms submitted by Plaintiffs, the Court notes that Defendants have not objected to the forms' format or substance. The Court has reviewed them and has no objections as well. Therefore, they are approved.

**C.     Certification under Fed. R. Civ. P. 23 of Plaintiffs' KWPA Claims**

Defendants argue that Plaintiffs have failed to meet their burden to certify a class under Fed. R. Civ. P. 23 for their KWPA claims. In their reply, however, Plaintiffs clarify that they are not seeking certification under Rule 23. Instead, they are only seeking conditional certification under § 216(b) of the FLSA. Therefore, the Court need not consider at this time whether Plaintiffs' state law claims should be certified under Rule 23.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Conditional Certification of Class Claims under § 216(b) of the FLSA (Doc. 24) is **GRANTED**, and a plaintiff opt-in class is certified as set forth herein. Plaintiffs are authorized to send out notice, as set forth herein, to each potential member of the class. Defendants are ordered to provide Plaintiffs with the names, addresses, and telephone numbers of putative class members in an easily malleable format, such as Microsoft Excel. Patricia A. McCoy, Retta A. Feldkamp, and Christina L. Reeves are appointed as class representatives, and their counsel, Ayesh Law Offices, is designated class counsel. In addition, the Court approves the Consent to Join forms filed by Thomas J. Weigel (Doc. 9), Marvin Greenlee (Doc. 10), Tracey Francis (Doc. 16), and Lori Ann Morrell (Doc. 17).

**IT IS SO ORDERED**.

Dated this 9th day of April, 2015.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE