## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA A. McCOY, <br> RETTA FELDKAMP, and <br> CHRISTINA L. REEVES, <br> Individually and on behalf of all others <br> similarly situated, as Class/Collective <br> Representatives, <br><br> Plaintiffs, <br><br> v. <br><br> OVER EASY MANAGEMENT, INC. <br> OVER EASY, L.P. <br> OVER EASY NUMBER IX, L.P. <br> OVER EASY NUMBER X, L.P. and <br> GREGG A. HANSEN, <br><br> Defendants. | Case No. 14-1309-EFM |

### **AGREED PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to

protect the parties' legitimate business interests and the privacy rights of plaintiffs and defendants.  Further, the Court finds that such information, documents and things are likely to include plaintiffs and defendants' personnel, payroll, and financial information.  Because the public disclosure of such information, documents and things might cause discomfiture to the parties and to interested third parties, the Court finds that "good cause" – pursuant to Fed. R. Civ. P. 26(c) – has been established and the following Protective Order should be entered:

**ORDERED, ADJUDGED AND DECREED THAT:**

**1.     Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.     Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  For purposes of this Order, the

parties will limit their designation of "Confidential Information" to the following categories of information or documents:

  a. "Confidential Information" shall mean any personnel, payroll, financial, proprietary and other business records of plaintiffs or defendants, or other similar information which has been designated as "confidential" by plaintiffs or defendants or their attorneys, whether such disclosure be made voluntarily, informally or pursuant to formal discovery procedures. The designation may be made in writing or on the record such as at a deposition or hearing. Information or documents that are available to the public may not be designated as Confidential Information.

  **3.** **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that

indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

    **4.**  **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure.

    **5.**  **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

    **6.**  **Protection of Confidential Material.**

        **(a)**  **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

        **(b)**  **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the

court, designated Confidential Information may only be disclosed to the following persons:

      (1)    the parties to this litigation;

      (2)    counsel of record for the parties to this litigation, including office associates, paralegals, stenographic and clerical employees who have signed the Confidentiality Agreement;

      (3)    experts consulted for the purpose of this litigation who have signed the Confidentiality Agreement

      (4)    experts retained for the purpose of this litigation who have signed the Confidentiality Agreement;

      (5)    court personnel, including stenographic reporters and videographers engaged in such proceedings as are necessarily incident to this litigation;

      (6)    any mediator appointed by the Court or jointly selected by the parties;

      (7)    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

      (8)    The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree; and

(11) Deposition witnesses.

**(c)  Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.  Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance

6

with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Informa-

tion at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) **Return of Confidential Documents Upon Request of Producing Party.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must, upon request, be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

---

1 The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party must not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**IT IS SO ORDERED.**

Dated this 6th day of November, 2015.

                         s/ James P. O'Hara
                         James P. O'Hara
                         United States Magistrate Judge

SUBMITTED and APPROVED by:

A<small>YESH</small> L<small>AW</small> O<small>FFICES</small>
8100 E. 22nd Street North
Building 2300, Suite 2
Wichita, KS 67278
(316) 682-7381
(316) 682-1729 fax
mayesh@ayesh.kscoxmail.com
rsimmons@ayesh.kscoxmail.com


s/ Ray E. Simmons
Ray E. Simmons (12296)
*Attorneys for Plaintiffs*



M<small>ARTIN</small>, P<small>RINGLE</small>, O<small>LIVER</small>,
W<small>ALLACE</small> & B<small>AUER</small>, L.L.P.
100 N. Broadway, Suite 500
Wichita, KS 67202
(316) 265-9311
(316) 265-2955 – fax
tlmann@martinpringle.com
maspahn@martinpringle.com


s/ Terry L. Mann
Terry L. Mann (12840)
Matthew A. Spahn (25932)
*Attorneys for Defendants*

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA A. McCOY, ) <br> RETTA FELDKAMP, and ) <br> CHRISTINA L. REEVES, ) <br> Individually and on behalf of all others ) <br> similarly situated, as Class/Collective ) <br> Representatives, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OVER EASY MANAGEMENT, INC. ) <br> OVER EASY, L.P. ) <br> OVER EASY NUMBER IX, L.P. ) <br> OVER EASY NUMBER X, L.P. and ) <br> GREGG A. HANSEN, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 14-1309-EFM/JPO |

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby states as follows:

1. I have received a copy of and have read the Protective Order entered by the Court in the above-captioned case.

2. I understand that material I am reviewing or otherwise have access to is included within the definition of Confidential Information in that Protective Order.

3. I agree that I will abide by the terms of the Protective Order entered by the Court, in all respects.

_____
Name
Date: