UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA A. McCOY, et al.,

      Plaintiffs,

v.                                                       Case No. 14-1309-EFM

OVER EASY MANAGEMENT, INC., et al.,

      Defendants.

## ORDER

Plaintiffs Patricia A. McCoy, Retta A. Feldkamp, and Christina L. Reeves, on behalf of themselves and all others similarly situated, filed this wage and hour suit against defendants alleging violations of the Fair Labor Standards Act and Kansas Wage Payment Act. This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of defendants Over Easy Management, Inc., Over Easy LP, Over Easy Number IX, LP, and Over Easy Number X, LP (collectively, "defendants") to compel plaintiffs' discovery responses (ECF No. 186) and plaintiffs' cross-motion to compel mediation and stay discovery pending mediation (ECF No. 208).[1] For the reasons set forth below, defendants' motion to compel is granted, and plaintiffs' cross-motion is denied.

**Background**

On July 18, 2016, defendants served interrogatories and requests for production on

---

[1] Plaintiffs' response to defendants' motion to compel and cross-motion to compel mediation and stay discovery are contained in a single pleading. For docketing purposes, plaintiffs' pleading has been assigned two entries, ECF Nos. 198 and 208.

1

plaintiffs.  Plaintiffs McCoy, Reeves, and Feldkamp served responses on or about August 19, 2016, August 24, 2016, and September 8, 2016, respectively.  On October 14, 2016, after obtaining an extension of time to file a motion to compel plaintiffs' discovery responses,[2] defense counsel sent a "golden rule" letter to plaintiffs' counsel.  On October 28, 2016, plaintiffs served information resolving one deficiency identified in defense counsel's golden-rule letter, and in the accompanying cover letter, indicated that the remaining information sought would be provided "in the next few weeks."[3]  Defense counsel emailed plaintiffs' counsel the same day, seeking clarification, as follows:

> Our motion to compel is due Monday.  Are you saying that you are going to produce everything that is addressed in our golden rule letter "in the next few weeks," without further objection? Thanks.[4]

In an email sent that same day, plaintiffs' counsel responded, "Yes."[5]

Based on plaintiffs' assurance they would produce information resolving all discovery deficiencies identified in defense counsel's October 14th golden-rule letter, defendants sought and obtained a second extension of time to file a motion to compel plaintiffs' discovery responses.[6]

On November 14, 2016, plaintiffs McCoy and Reeves served supplemental

---

[2] *See* ECF No. 157.

[3] ECF No. 187 at 3 (quoting ECF No. 187-8).

[4] *Id.* (quoting ECF No. 187-9).

[5] *Id.* (quoting ECF No. 187-9).

[6] *See* ECF No. 159.

discovery responses. Based on the supplemental production, and anticipating supplemental responses from plaintiff Feldkamp, defendants sought and obtained a third extension of time to file a motion to compel plaintiffs' discovery responses.[7] On November 21, 2016, plaintiff Feldkamp served supplemental responses. Asserting plaintiffs' supplemental discovery responses failed to cure the remaining deficiencies identified in defense counsel's October 14th golden-rule letter, and seeking additional time to confer, defendants obtained a fourth extension of time to file a motion to compel plaintiffs' discovery responses.[8] On November 30, 2016, defense counsel sent a follow-up golden-rule letter to plaintiffs' counsel.

According to defense counsel, plaintiffs' and defendants' counsel agreed, by way of telephone conference on December 12, 2016, that a motion to compel "might impede rather than expedite Plaintiffs' agreed supplementation of discovery."[9] Therefore, defendants sought and obtained a "last and final" extension of time, until January 3, 2017,[10] to file a motion to compel plaintiffs' discovery responses "to allow Plaintiffs to focus on supplementing discovery rather than discovery motion practice."[11] Defendants assert plaintiffs have not provided any supplemental discovery responses or documentation following counsel's December 12th telephone conference.

---

[7] *See* ECF No. 163.

[8] *See* ECF No. 166.

[9] ECF No. 187 at 4.

[10] *See* ECF No. 174.

[11] ECF No. 187 at 4.

3

In the instant motion to compel, defendants seek an order compelling: (1) plaintiff Feldkamp to provide a complete answer to Interrogatory No. 12 of defendants' first set of interrogatories; (2) all plaintiffs to search for electronic communications responsive to Request Nos. 4, 5, 13, 14, 15, and 16 of defendants' first request for production and Interrogatory No. 5 of defendants' first set of interrogatories, and to provide complete responses to same; and (3) all plaintiffs to inform defendants of the steps taken to search for responsive electronic communications and any problems plaintiffs encountered in doing so. Opposing defendants' motion to compel, plaintiffs fail to address any of the specific discovery requests discussed in defendants' motion. Instead, plaintiffs assert only:

> [t]he information sought by the Defendants' [sic] is not likely to lead to any admissible or relevant evidence. In fact, it would appear that the Defendants' [sic] are bent on sending the Plaintiffs' [sic] on a "paper chase" solely for the purpose of harassment and retaliation.[12]

Claiming "[i]t is difficult to respond to the Defendants' Motion to Compel without first pointing out that the Defendants' [sic] have defied the Initial Orders of the Court by refusing to provide a good faith settlement offer to the Plaintiffs' [sic] and/or engage in Mediation," plaintiffs ask the court to deny defendants' motion "for lack of good faith," or alternatively, to continue the determination of defendants' motion pending mediation.[13] Plaintiffs also seek to stay discovery pending mediation, as well as a status

---

[12] ECF No. 198 at 1; ECF No. 208 at 1.

[13] *Id.*

4

O:\ORDERS\14-1309-EFM-186, 208.docx

conference to extend various deadlines to accommodate "the belated Mediation effort."[14]

**Defendants' Motion to Compel Plaintiffs' Discovery Responses**

As an initial matter, the court observes that plaintiffs' response to defendants' motion to compel is untimely. In an order dated January 6, 2017, the court expedited briefing deadlines with respect to defendants' motion to compel, with the goal of ruling the motion before the February 6, 2017 proposed pretrial order deadline.[15] Plaintiffs' response to defendants' motion, filed three days after the January 13, 2017 deadline set by the court, fails to address or explain its untimeliness.

Moreover, even evaluating plaintiffs' response brief, plaintiffs fail to address any of the specific discovery requests at issue. Plaintiffs' unsupported assertion that the motion to compel should be denied or continued "for lack of good faith" is unpersuasive, especially in light of plaintiffs' prior representation that the discovery sought would be produced. The court grants defendants' motion to compel in its entirety. Plaintiffs are directed to produce the outstanding discovery on or before **February 3, 2017**.

**Plaintiffs' Cross-Motion to Compel Mediation, Stay Discovery Pending Mediation, and for Status Conference**

On October 26, 2015, the court entered a scheduling order in this case setting February 29, 2016 as the deadline for mediation to be completed.[16] On May 9, 2016, by

---

[14] ECF No. 198 at 2; ECF No. 208 at 2.

[15] ECF No. 188.

[16] ECF No. 107.

5

way of amended scheduling order, the court extended the mediation deadline to September 15, 2016.[17] On September 16, 2016, the court granted the parties' joint motion to extend the mediation deadline to October 27, 2016.[18]

As defendants observe, plaintiffs' opposition to defendants' motion to compel is the first instance in which plaintiffs have sought court intervention to compel mediation. Notwithstanding the parties' failure to seek leave of court in modifying scheduling-order deadlines, the court declines to compel mediation at this juncture, largely for the reasons set forth in defendants' reply brief in support of its motion to compel—i.e., it appears substantially unlikely that mediation will be productive given the parties' respective settlement positions. Accordingly, plaintiffs' requests to stay discovery pending mediation and for status conference are denied.

The parties are advised the court, on this record, would have awarded fees had they been requested in defendants' motion.

IT IS THEREFORE ORDERED:

1. Defendants' motion to compel (ECF No. 186) is granted. By **February 3, 2017**: plaintiff Feldkamp shall provide a complete answer to Interrogatory No. 12 of defendants' first set of interrogatories; (2) all plaintiffs shall search for electronic communications responsive to Request Nos. 4, 5, 13, 14, 15, and 16 of defendants' first request for production and Interrogatory No. 5 of defendants' first set of interrogatories, and provide complete responses to same; and (3) all plaintiffs shall inform defendants of

---

[17] ECF No. 143.

[18] ECF No. 155.

the steps taken to search for responsive electronic communications and any problems plaintiffs encountered in doing so.

2. Plaintiffs' cross-motion to compel mediation and stay discovery pending mediation (ECF No. 208) is denied.

Dated January 26, 2017, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
