## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA MCCOY, RETTA A. FELDKAMP, and CHRISTINA L. REEVES, individually, and on behalf of a class of all others similarly situated, as Class/Collective representatives,<br><br>*Plaintiffs,*<br><br> vs.<br><br>OVER EASY MANAGEMENT, INC., OVEREASY, LP, OVEREASY NUMBER IX, LP, and GREGG A. HANSEN,<br><br>*Defendants.* | Case No. 14-1309-EFM-JPO |

### ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

This matter comes before the Court on the parties' Joint Motion for Approval of Collective Action Settlement (Doc. 300). The parties ask the Court for an Order (1) certifying this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), for settlement purposes only, and (2) approving the Collective Action Settlement Agreement and Release ("Agreement") entered into by the parties as fair, just, and reasonable. Having considered the parties' motion, the Court orders the following:

-2-

1. This Order ("FLSA Approval Order") will be binding on the Named Plaintiffs and Class Members.[1]

2. This action is certified, for settlement purposes only, as a collective action under § 216(b) of the FLSA.

3. There is a bona fide dispute between Named Plaintiffs and Class Members and Defendants as to whether Defendants violated the FLSA.

4. The Agreement is fair, reasonable, and adequate, is in the best interests of the Named Plaintiffs and Class Members, and should be approved, especially in light of the benefits to the Named Plaintiffs and Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel before the Agreement, and the complexity, expense, risks, and probable protracted duration of further litigation.

5. The Agreement is hereby approved in accordance with § 216 of the FLSA and shall be consummated in accordance with its terms and provisions.

6. This Lawsuit is hereby dismissed in its entirety, on the merits, against Defendants, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. The Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

7. Pursuant to the Agreement, Class Counsel waives any right or entitlement to attorneys' fees as part of the Settlement, and Named Plaintiffs and Class Members may not seek attorneys' fees or costs as part of the Settlement. The Court has discretion to determine the amount and

---

[1] All capitalized terms in this Order that are not otherwise defined have the same meaning as in the Agreement.

-3-

reasonableness of a fee award,[2] and therefore, grants Class Counsel's request to award zero fees and costs as part of the Settlement of this Lawsuit.

8. The Court grants the parties' Joint Motion for Approval of Collective Action Settlement (Doc. 300).

9. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this FLSA Approval Order.

**IT IS SO ORDERED.**

Dated this 5th day of April, 2017.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[2] *Wright v. U-Let-Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986); *Creten-Miller v. Westlake Hardware, Inc.*, 2010 WL 11457355, at *2 (D. Kan. 2010).